Rockingham,
No. 4232.

MARJORY R. FRENCH *& a. v.* KENNETH YORK.

Argued April 6, 1954.
Decided May 27, 1954.

*Sleeper & Mullavey (Mr. Sleeper* orally), for the plaintiffs.

*Burns, Calderwood & Bryant, Robert E. Hinchey* and *Errol S. Hall* (*Mr. Hinchey* orally), for the defendant.

BLANDIN, J. The single issue before us is were the nonsuits properly granted. The meagerness of the evidence presented by the plaintiffs on this question makes the task of answering it one of great difficulty for any court. However, construing the facts most favorably to the plaintiff and drawing all reasonable inferences from them as we are required to do under our law (*Leonard* v. *Manchester,* 96 N. H. 115), it appears the jury could find as follows: The plaintiff driver, Marjory R. French, traveling southerly on the Salmon Falls Road, stopped about a car length from the intersection and looked both ways. From where she stopped she could see in either direction for a distance of 250 to 300 feet and saw nothing coming. She then proceeded at about two or three miles an hour into the intersection and was over half way across Route 202, which is about 22 feet wide at this point, when the defendant's truck crashed into the right rear side of her car. In addition to the fact that it was snowing and slippery, she was unfamiliar with the road and when struck was engaged in looking up and down the railroad track which crossed her path diagonally from behind her on the left to ahead of her on the right. As she crossed Route 202 her car was in plain sight of anyone approaching the intersection and she was entitled to believe that other drivers coming toward her would use ordinary care. See *O'Brien* v. *Public Service Company,* 95 N. H. 79, 81. It is true there was a sign on the Salmon Falls Road requiring her to stop and also that the defendant had the right of way by virtue of R. L., *c.* 90, *pt.* 20, *s.* 3, as inserted by Laws 1945, *c.* 188, provided the vehicles were arriving at the intersection "at approximately the same instant." However, having reached the crossroad first she stopped, looked, and seeing no one coming, she could reasonably assume she might go on (see *Beaule* v. *Weeks,* 95 N. H. 453, 457, 458), since there appeared no danger of any collision. *Roy* v. *Levy,* 97 N. H. 36. In these circumstances we believe that neither the plaintiff driver nor her passenger, of whom less watchfulness would be required (*Hoen* v. *Haines,* 85 N. H. 36), must be found guilty of contributory negligence as a matter of law.

Regarding the defendant's negligence, the jury could believe, as he admitted to the police officer, that he was "going toward East Rochester on Route 202 *from* Rochester" (emphasis supplied), and

therefore did not enter Route 202 from a side road or driveway near the intersection as was suggested in argument, if in fact there was any such side road there. They could find that the plaintiff went about thirty feet from where she stopped, a car length or some fourteen to fifteen feet from the intersection, to the point nearly across Route 202 where she was struck. They could then conclude that during most, if not all, of the approximately seven to ten seconds which it took her to go this distance at two or three miles an hour, she was in plain view of the defendant while he traveled for three hundred feet toward her. There was also evidence that he saw the plaintiff approaching before she entered the intersection. This should have afforded him ample time, had he been exercising ordinary care, to have slowed down or made a slight turn, either of which would have avoided the accident. It follows that the nonsuits in all the cases were improperly granted and that there must be

*New trials.*

All concurred.